Common Pleas Court of Licking County.

ELLIS WRIGHT, TREAS. V. JAMES A. BATESON, ET AL.

Decided February 27, 1933.

C. G. L. Yearick, prosecuting attorney, for plaintiff.
Harry D. Baker, and Fitzgibbon, Black & Fitzgibbon, for The Union Trust Company of Newark.

MOORE, J., (Orally).

This suit is brought as a foreclosure for delinquent taxes by the prosecuting attorney of this county.

No answer is filed by the Batesons, or either of them, but an answer and cross petition is filed by The Union

Trust Company of Newark, setting up a mortgage and asking for a foreclosure on the mortgage.

Among other delinquent taxes in this case are the taxes arising from the building of a line fence by the township trustees of Licking township amounting to $87.50.

The question presented to the court by the pleadings and the arguments of counsel is whether or not the amount certified over to the county treasurer by the township trustees is a lien against the real estate, and is a lien prior to the mortgage of The Union Trust Company.

Sections 5914 and 5915, General Code, provide for the procedure in cases of this kind. One of these sections provides that the clerk of the township shall certify over these costs, if they are not paid after the completion of the work, and certify to the auditor a correct description of each piece of land upon which the costs are assessed. The other section provides that when the taxes are placed on the duplicate they shall be collected as other taxes, and that the auditor may anticipate the collection and draw orders upon the county treasurer for the payment of those who furnished material and labor for the construction of such fences. The court does not know, in this case, whether the county auditor did in fact anticipate the collection of this tax and pay the same out to the different persons who furnished the labor and material. This nowhere appears in the testimony or the arguments of counsel, or in the pleadings.

Manifestly, the legislature, by the procedure it provided, must have intended to make this sort of a tax a lien upon the premises where the line fence is constructed, but, in the opinion of this court, they did not do it. In every case where there is a lien for taxes of this kind, or any kind, they are made a lien upon the real estate, specifically, by statute, but the legislature omitted to do that in matters of this kind. In assessments for streets or roads and various other assessments, that might be mentioned, the statute specifically creates and makes them a lien, and gives the date which they attach.

The court, therefore, concludes that the amount certified for the buiding of this fence is not a lien on this real estate. Of course, if it should appear, after there is a

sale of this property, that there is sufficient to pay the general taxes against this real estate, which, are a first lien, and made so by statute, or if there are other liens, and there is any amount left for distribution to the parties, there might be ways by which the parties or the county treasurer could obtain relief from the remainder. At any rate, so far as this proceeding goes there is no lien against this real estate, specifically, I think that is very clear.

The court will give a judgment on the cross petition for whatever amount is claimed, and an order of sale, if not paid in five days. Also, there may be a judgment to the county treasurer for the taxes, less the amount arising from the line fence construction. The general taxes are a first lien.